UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 07-CV-112-KKC

K. PETROLEUM, INC., PLAINTIFF,

v. **OPINION AND ORDER**

PATRICIA PHILPOT and
MITCHELL PHILPOT, DEFENDANTS.

This matter is before the court on the Defendant Patricia Philpot's Motion to Dismiss (Rec. No. 6). For the following reasons, the motion will be DENIED.

I. FACTS.

K. Petroleum, Inc., an Ohio corporation, filed this action against the Defendants Patricia and Mitchell Philpot, who are siblings and Kentucky citizens. K. Petroleum alleges that it has been assigned all interest in certain oil and gas leases and that the Defendants own portions of the land that is subject to those leases. K. Petroleum alleges that the Defendants have wrongfully ousted it from the land, have prevented it from operating the natural gas wells, pipelines and equipment located on the land, and have shut in or turned off its natural gas wells, pipelines and equipment located on the land. K. Petroleum appears to assert a trespass action against the Defendants.

The Defendant Patricia Philpot moves to dismiss the claim against her. Patricia states that there are three separate tracts of land at issue and that each tract has one gas well on it. Her brother, Defendant Mitchell Philpot, is the sole owner of two of the tracts. She and Mitchell each own 50 percent of the third tract.

Patricia argues that the action against her should be dismissed for three reasons. First, she

alleges that there is no assignment to K. Petroleum on record in the Clay County Clerk's Office of the interest in the oil and gas leases on any of the three tracts of land. Second, she argues that the oil and gas wells on these tracts were "shut-in" by her father in 1999. Thus, these wells would have already been shut in and non-producing at the time that K. Petroleum acquired its interest in the oil and gas on these tracts. Finally, she argues that the amount in controversy on the ½ tract of land that she owns does not exceed $75,000 and, thus, this court lacks jurisdiction over the claim against her. Pursuant to 28 U.S.C. § 1332, this court has jurisdiction of all claims where the amount in controversy exceeds $75,000 and is between citizens of different states.

In support of her motion, Patricia attaches an affidavit by her brother and her in which they state that, in 1999, their father discovered that the gas meters had been removed from the three gas wells and that each well had been "straight-piped," which means the gas from each well had been piped directly into the gathering lines for natural gas. The Defendants state that their father and Mitchell disconnected the wells. They state that, since 1999, none of the three wells has been connected to any gas lines or has produced any gas. They state that, since 1999, neither their father nor either of the Defendants has received any money from the three wells.

The Defendants state that in the summer of 2006, representatives from K. Petroleum told them that K. Petroleum was going to put meters on the wells and turn them back on. They state that Mitchell told K. Petroleum he would prefer they not do this and that Patricia told K. Petroleum that she wanted to see the copies of the leases and documentation regarding the last three years of revenue paid to her father from the wells. The Defendants state that Patricia never received this documentation.

With her motion to dismiss, Patricia also attaches the affidavit of Jerry Wagers, a former

employee of Nami Resources Company, LLC, a company involved in the production and marketing of oil and gas. Wagers states that, in 1999, Nami acquired the three gas wells at issue in this action and that it transported natural gas from the wells though lines operated by K. Petroleum. Wagers states that Nami and K. Petroleum had a dispute and that Nami then removed the gas meters from the wells and shut in the wells. He states that K. Petroleum then reconnected the wells to its transportation line by a straight pipe which did not use a meter and which directly fed the natural gas into the transportation lines without accounting for the gas produced. He states that, when the Defendants' father discovered this, he shut in the wells and that they remained shut in for the remainder of time that Nami owned the wells.

## II.    ANALYSIS.

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), "a complaint should not be dismissed. . . unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Cruz v. Beto*, 405 U.S. 319, 322 (1972)(citation omitted). "[T]he factual allegations in the complaint must be regarded as true. The claim should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Scheid v. Fanny Farms Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir. 1983)).

In addition, where a plaintiff files a case in federal court, and the defendant moves to dismiss the case for lack of subject matter jurisdiction on the basis that the amount in controversy requirement is not met, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Kovacs v. Chesley*, 406 F.3d 393, 395 (6th Cir. 2005) (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 395 (1938)). "It must appear to a legal certainty that

3

the claim is really for less than the jurisdictional amount to justify dismissal." *Id.*

As to Patricia's first argument in her motion to dismiss – that K. Petroleum owns no interest in the oil and gas leases at issue – this argument requires the court to consider evidence beyond the pleadings. Thus, it is not appropriately considered on a Motion to Dismiss. *See* Fed. R. Civ. P. 12(c). Furthermore, in response to Patricia's Motion to Dismiss, K. Petroleum submits a copy of an Assignment, Bill of Sale and Assumption Agreement between it and Southern Gas Co. of Delaware, Inc. which, according to K. Petroleum, proves that it was assigned all interest in the oil and gas leases at issue. This is sufficient evidence to defeat the Motion to Dismiss. The court is unable to say based on the record at this point that K. Petroleum cannot establish any set of facts in support of its claim because it was never assigned any effective interest in the oil and gas leases.

As to Patricia's second argument – that the wells on the Defendants' land were already shut in by the time that K. Petroleum acquired an interest in them – this argument also requires evidence and facts outside of the pleadings to support it. Thus, the court is unable to consider it on a Motion to Dismiss. Further, while Patricia has produced some evidence that the wells have been shut in and non-producing since some time after 1999, the Assignment, Bill of Sale and Assumption agreement between Southern Gas Co. and K. Petroleum – the document by which K. Petroleum alleges it acquired its interest in the leases – is dated June 1996. Finally, Patricia does not explain the legal relevance of her allegation that the wells were already shut in at the time that K. Petroleum acquired an interest in them. Thus, again, the court is unable to say that K. Petroleum can prove no set of facts in support of its claim against Patricia.

Finally, as to Patricia's third argument – that the amount in controversy on the claim against her is less than $75,000 – she has produced no evidence in support of this argument. Furthermore,

K. Petroleum has produced an affidavit by its President stating that the amount in controversy of any of the three wells exceeds $75,000. Accordingly, the court cannot find that there is a "legal certainty" that the amount in controversy on K. Petroleum's claim against Patricia Philpot is less than $75,000.

For these reasons, the Court hereby ORDERS that Patricia Philpot's Motion to Dismiss (Rec. No. 6) is DENIED.

Dated this 23rd day of October, 2007.

Signed By:
*Karen K. Caldwell*
United States District Judge