UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 6:07-CV-112-KKC

K. PETROLEUM, INC.,                                                                                           PLAINTIFF,

v.                         **OPINION AND ORDER**

PATRICIA PHILPOT and
MITCHELL PHILPOT,                                                                DEFENDANTS.

This matter is before the court on the Plaintiff's Motion for Partial Summary Judgment (DE 22). For the following reasons, the motion will be DENIED in part and GRANTED in part. The motion will be DENIED to the extent that it asks the Court to rule as a matter of law that the Plaintiff holds the natural gas and oil leasehold rights in and to the property at issue owned by the Defendants and that the Defendants have unreasonably interfered with those rights. The motion will be GRANTED to the extent it asks the Court to rule as a matter of law that no portion of the liability for the Plaintiff's alleged damages can be apportioned to nonsettling, nonparties.

The Plaintiff K. Petroleum, Inc. filed this action against the Defendants Patricia and Mitchell Philpot, alleging that it has been assigned all interest in certain oil and gas leases and that the Defendants own portions of the land that is subject to those leases. K. Petroleum alleges that the Defendants have wrongfully ousted it from the land; have prevented it from operating the natural gas wells, pipelines and equipment located on the land; and have shut in or turned off its natural gas wells, pipelines and equipment located on the land.

       I.         **ANALYSIS.**

Under Fed. R. Civ. P. 56, summary judgment is appropriate where "the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

In its current motion, the Plaintiff asks the Court to make three findings as a matter of law: 1) that it holds the natural gas and oil leasehold rights in and to the property at issue owned by the Defendants; 2) that the Defendants have unreasonably interfered with those rights, causing damages; and 3) that no portion of the liability for the Plaintiff's damages can be apportioned to any nonsettling, nonparty.

In their response to the Plaintiff's current motion, the Defendants assert that the Court cannot find as a matter of law that the Plaintiff holds the natural gas and oil leasehold rights in and to the property at issue owned by the Defendants because it has produced sufficient evidence that the Plaintiff has abandoned any such rights.

"Abandonment is a matter of fact. . .Each case depends upon the particular facts or circumstances . . . It t may be shown by circumstances and conduct." *Cameron v. Lebow*, 338 S.W.2d 399, 406 (Ky. 1960)(citations omitted). "A chronic source of difficulty is a finding of an intention to abandon, but this is likewise a question of fact which may be inferred from the acts of the parties." *Id*.

> Since the intention to abandon must be shown by 'clear, unequivocal and decisive evidence' in order for an abandonment to be established, *Hoff v. Girdler Corporation* (1939), 104 Colo. 56, 88 P.2d 100, it necessarily follows that the attitudes of the original lessor and his successors in interest as well as the attitude and conduct of the appellants (lessees) concerning their assigned interest in the lease are most relevant. We have said that 'abandonment of a mineral lease consists of surrender of the property, coupled with an intention to relinquish the lease and is, in fact, to be determined in each case upon the surrounding facts and circumstances.' *Browning v. Cavanaugh* (1957), Ky., 300 S.W.2d 582.

*Cameron v. Lebow*, 366 S.W.2d 164, 165-66 (Ky. 1962).

As is clear from the above-quoted case law, abandonment is generally a question of fact to be determined by a jury. *See also Justice v. Burgess*, 52 S.W.2d 720, 723(Ky. 1932)("abandonment may be shown by the conduct of the parties. . . or like any other fact it may be established by circumstances.").

As evidence of the Plaintiff's abandonment of the lease, the Defendants point to the deposition of the Plaintiff's president, Jam Khorrami, who acknowledged that the wells have not produced gas since July 2000. (DE 23, Khorrami Dep. at 24, 27). They also point to a letter from the Plaintiff's engineer dated September 28, 2000, stating that certain wells were being "shut in" that day, if they were not already shut in, and that the wells had only been producing "about 50 percent of the time since their meters were taken." (DE 23, Khorrami Dep. at 35). The Defendants also point to the deposition of the Plaintiff Mitchell Philpot who testified that the Plaintiff did not contact him until 2005 about rehooking the wells. (DE 24, M. Philpot Dep. at 23-25). The Defendants also point to Mitchell Philpot's testimony that the Plaintiff has, "for years," had keys to the gates to the subject property. (DE 24, M. Philpot Dep. at 25-27).

Given this evidence, the Court cannot find as a matter of law that the Plaintiff has not abandoned its rights to the oil and gas at issue. For this reason, the Court cannot rule as a matter of law that the Plaintiff owns the leasehold rights to the oil and natural gas on the subject property or that the Defendants have unreasonably interfered with the Plaintiff's rights under the leases at issue.

The Plaintiff also asserts in its motion that the Court should rule as a matter of law that no portion of the liability for the Plaintiff's alleged damages can be apportioned to nonsettling, nonparties. In their response, the Defendants do not contest this argument. Further, Kentucky law

does not permit a jury to allocate fault to a nonsettling nonparty. *Owens Corning Fiberglass Corp. v. Parrish*, 58 S.W.3d 467, 472 n.5 (Ky. 2001) (citing KRS 411.182; *Baker v. Webb*, 883 S.W.2d 898 (Ky. App. 1994)). Accordingly, the Court will grant the Plaintiff's Motion for Summary Judgment to the extent it asks the Court to rule as a matter of law that no portion of the liability for the Plaintiff's alleged damages can be apportioned to any nonsettling nonparty.

## II. CONCLUSION.

For these reasons, the Court hereby ORDERS that the Plaintiff's Motion for Partial Summary Judgment (DE 22) is GRANTED in part and DENIED in part.

The motion is DENIED to the extent that the Plaintiff asks the Court to rule as a matter of law that it holds the natural gas and oil leasehold rights in and to the property owned by the Defendants and that the Defendants have unreasonably interfered with those rights. The motion is GRANTED to the extent it asks the Court to rule as a matter of law that no portion of the liability for the Plaintiff's alleged damages can be apportioned to nonsettling nonparties.

Dated this 22nd day of June, 2009.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge